# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **VICTOR CARRANZA,** | ) |
| **Petitioner,** | ) |
| v. | )     Civil Action No. 1:14-14446 |
| **BART MASTERS, Warden,** *et al.*, | ) |
| **Respondents.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 8.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

## FACT AND PROCEDURE

**A.  Criminal Action No. 1:08-cr-00792:**

On July 8, 2009, Petitioner was convicted in the Southern District of New York of one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

U.S.C. §§ 812, 841(a)(1) and (b)(1)(A) (Count One). United States v. Carranza, Case No. 1:08-cr-00792 (S.D.N.Y. Nov. 23, 2009), Document No. 44. On November 23, 2009, the District Court sentenced Petitioner to a 151-month term of imprisonment to be followed by a five-year term of supervised release. Id., Document No. 59.

Petitioner filed his Notice of Appeal on November 29, 2009. Id., Document No. 60. Petitioner failed to perfect his appeal by filing a brief and the Second Circuit dismissed his appeal on December 21, 2010. Id., Document No. 81.

**B.     First Section 2255 Motion:**

On April 26, 2010, Petitioner filed in the Southern District of New York a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Carranza v. United States, Civil Action No. 1:10-03456 (S.D.N.Y. April 7, 2011), Document No. 1. In his Motion, Petitioner argued that trial counsel was ineffective based upon the following: (1) Failing to object to the Presentence Investigation Report's inclusion of a reference to information obtained by the Probation Department from law enforcement agents in Arizona that Petitioner was suspected of being a member of a particular drug cartel; and (2) Failing to object to the mandatory minimum applicable to his offense. Id. By Memorandum Opinion and Order filed on April 7, 2011, the District Court denied Petitioner's Section 2255 Motion on the merits. Id., Document No. 5.

**C.     Request for Authorization to File a Successive Section 2255 Motion:**

On February 21, 2012, Petitioner filed with the Second Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244. Carranza v. United States, Case No. 12-334 (2nd Cir.). In support, Petitioner asserted the following: (1) Counsel was ineffective for failing to timely file an appellate brief and appendix, which resulted in the

dismissal of Petitioner's direct appeal; and (2) Petitioner "has been denied proper 'access to the courts,' due to his attorney's ineffectiveness. Id. The Second Circuit determined that "although Carranza's first § 2255 motion challenging the legality of his 2009 conviction and sentence was previously denied on the merits, his proposed § 2255 is not 'second or successive' under 28 U.S.C. § 2255(h) because it seeks only to reinstate his direct-appeal rights and therefore does not challenge the legality of the sentence imposed." By Per Curiam Opinion and Mandate entered on July 21, 2015, the Second Circuit denied Petitioner's successive motion "as unnecessary" and transferred the matter to the District Court with instructions that Carranza's § 2255 be accepted for filing. Carranza, Civil Action No. 1:10-03456, Document No. 7.

**D.    Instant Section 2241 Petition:**

On April 11, 2014, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Affidavit in Support.[2] (Civil Action No. 1:14-14446, Document Nos. 1 and 1-1.)

---

[2] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI McDowell, located in Welch, West Virginia. FCI McDowell lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI McRae, which is located in the Southern District of Georgia. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

Petitioner alleges that he is "actually innocence of USSG and statutory enhancements not presented in the Indictment and not found or proven beyond a reasonable doubt." (Id., Document No. 1, p. 2.) Specifically, Petitioner claims that the sentencing court improperly applied a 3-level Guideline enhancement based upon the Court's finding that Petitioner was a "leader and/or organizer." (Id., p. 7.) Petitioner complains that his Indictment was not amended to include the "leader and/or organizer charge" nor was it proven beyond a reasonable doubt to the jury. (Id.) Finally, Petitioner contends that he is actually innocent of being a "leader and/or organizer." (Id.) As relief, Petitioner requests that this Court reverse his sentence and resentence Petitioner without the 3-level Guideline enhancement for being a leader and/or organizer. (Id., p. 8.)

**E.      Motion to Reduce Sentence:**

Based on the retroactive application of the November 1, 2014, amendments to the United States Sentencing Guidelines, the Southern District of New York considered Petitioner *sua sponte* for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). By "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" entered on April 21, 2015, the District Court reduced Petitioner's term of imprisonment from 151 months to 121 months. Carranza, Criminal Action No. 1:08-00792, Document Nos. 88 and 89.

**F.      Motion for Reinstatement of Appeal Rights:**

On September 15, 2015, Petitioner's Section 2255 Motion requesting the reinstatement of his appeal rights was accepted and filed in the Southern District of New York. Carranza v. United States, Civil Action No. 1:15-07353 (S.D.N.Y. Dec. 22, 2016), Document No 1. On October 20, 2015, the District Court appointed counsel to represent Petitioner and directed the United States to file an Answer to Petitioner's Section 2255 Motion. Id., Document No. 3. The United States filed

4

its Response in Opposition on August 15, 2016, and Petitioner filed his Reply on October 14, 2016. Carranza, Criminal Action No. 1:08-00792, Document Nos. 95 and 96. By "Decision and Order" entered on December 22, 2016, the District Court granted Petitioner's motion to reinstate his direct appeal rights made pursuant to 28 U.S.C. § 2255. Id., Document No. 97.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered

under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Southern District of New York. Specifically, Petitioner contends that his sentence was improperly enhancement under the Sentencing Guidelines. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this

District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of New York. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion Petitioner's because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Second Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008)("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis

added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563, *6 (S.D.W.Va. May 1, 2012)(J. Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Citing the Sentencing Guidelines, Petitioner argues that the sentencing Court imposed an improper sentence. The undersigned finds that Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. See Boynes, 2012 WL 1569563 at *6("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass the challenge to the sentence based upon a sentence guideline enhancement or a claim of 'actual innocence' of a sentence guideline enhancement."); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden

9

of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: March 2, 2017.

Omar J. Aboulhosn
United States Magistrate Judge